IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                  No. CV 15-0272 RB/LAM
                                      CR 12-2618 RB

JAVIER BALBUENA-CORRAL,

        Defendant/Movant.

## ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

**THIS MATTER** is before the Court on the *United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion Under 28 U.S.C. § 2255* *(Doc. 6)*, filed April 29, 2015. The United States notes that it spoke with Defendant/Movant's counsel in his underlying criminal case, Randolph Ortega and Ray Velarde, and Mr. Ortega and Mr. Velarde "respectfully stated that they will disclose their privileged communications with the Defendant pursuant to an order from this Court finding that the privilege has been waived." *Id.* at 2. Therefore, the United States asks the Court to find that Defendant/Movant has waived his attorney-client privilege regarding communications with Mr. Ortega and Mr. Velarde that relate to his claims of ineffective assistance of counsel, and to authorize Mr. Ortega and Mr. Velarde to disclose documents, communicate orally, and/or provide a written affidavit detailing any communications relating to Defendant/Movant's claims of ineffective assistance of counsel. *Id.* at 4. Specifically, the United States asks the Court to find that Defendant/Movant has waived the attorney-client privilege with respect to the following communications:

Any communication or decisions regarding Defendant/Movant's decision to plead guilty;

Any communication or decisions regarding Defendant/Movant's plea agreement;

Any communication regarding Defendant/Movant's presentence report;

Any communication, advice, or decisions regarding Defendant/Movant's cooperation with the Government that would warrant a downward departure in Defendant/Movant's sentencing;

Any communication, advice, or decisions regarding motions asking the Court for a downward departure from the sentencing guidelines and/or motions for non-guideline sentencing; and

Any other communications or decisions not known to the United States which are strictly necessary in order to address the merits of Defendant/Movant's claims of ineffective assistance of counsel.

*Id.* at 3.   In light of the analysis and holding in *United States v. Pinson*, 584 F.3d 972, 977-79 (10th Cir. 2009), the Court finds that, by claiming ineffective assistance of counsel in his § 2255 Motion, Defendant/Movant impliedly waives the attorney-client privilege with respect to those communications which are necessary to prove or disprove his claims. Furthermore, the Court enters this order without waiting for Defendant/Movant's response because, even if he opposes the motion, *Pinson* clearly directs that it be granted.

**IT IS THEREFORE ORDERED** that the *United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion Under 28 U.S.C. § 2255 (Doc. 6)* is **GRANTED**, and the Court finds that Defendant/Movant waives his right to assert the attorney-client privilege with respect to communications with Mr. Ortega and Mr. Velarde necessary to prove or disprove his claims of ineffective assistance of counsel, as set forth above and at page 3 of Document 6.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**