IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                      No. CV 15-0272 RB/LAM
                                          CR 12-2618 RB

JAVIER BALBUENA-CORRAL,

    Defendant/Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on April 2, 2015. Plaintiff/Respondent (hereinafter "the Government") filed a response on June 15, 2015. [*Doc. 8*]. No reply has been filed and the time for doing so has passed. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the § 2255 motion, response, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-12-2618, the undersigned recommends, for the reasons set forth below, that the claims

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-15-0272.

1

raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and Case No. CIV-15-0272 be **DISMISSED with prejudice**.

In his § 2255 motion, Defendant contends: (1) that his counsel was ineffective in negotiating his plea agreement and at sentencing for telling Defendant that he would receive from five to six years if he accepted the plea agreement, but Defendant received ten years (*Doc. 1* at 4); and (2) that his counsel was ineffective at sentencing for failing to move for a downward departure of Defendant's sentence (*id.* at 5). The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On October 17, 2012, Defendant was charged with: (1) Conspiracy, to wit: Possession with Intent to Distribute 50 Grams and More of Methamphetamine (contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)) and a Mixture and Substance Containing a Detectable Amount of Cocaine (contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C)), in violation of 21 U.S.C. § 846 (Count 1); (2) Use of a Communication Facility, to wit: a Telephone, to Further the Commission of a Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts 2, 4, 6, and 8); (3) Distribution of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 3); (4) Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine and a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 5); (5) Distribution of 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts 7 and 9); and (6) Distribution of 5 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 10). [*Doc. 2*, filed in Case No. CR-12-2618]. On August 30, 2013, Defendant entered into a Plea Agreement, pursuant to which he pled guilty to Counts 1, 2, 3, 6, 7, 9, and 10. [*Doc. 76*, filed in Case No. CR-12-2618, at 2].[3] In the plea agreement, Defendant agreed to waive any appeal or collateral attack of his conviction and the sentence imposed, except on the issue of ineffective assistance of counsel "in negotiating or entering into th[e] plea or th[e] waiver." *Id.* at 10. On May 8, 2014, the Court sentenced Defendant to: (1) 120 months of imprisonment as to each of Counts 1, 3, 7, 9, and 10; and (2) to 48 months of imprisonment as to each of Counts 2 and 6, with all of the terms running concurrently. [*Doc. 115*, filed in Case No. CR-12-2618, at 1, 3]. In addition, the Court recommended that Immigration and Customs Enforcement begin removal proceedings during Defendant's service of the sentence, and the Court sentenced Defendant to a term of unsupervised release for five (5) years as to each of Counts 1, 3, 7, 9, and 10, and a term of unsupervised release for one (1) year as to each of Counts 2 and 6, with those terms to run concurrently, as well. *Id.* at 4.[4] On April 2, 2015, Defendant filed his § 2255 motion. [*Doc. 1*].

---

[3] With regard to Count 1, Defendant pled guilty to Conspiracy to Possess with Intent to Distribute 50 Grams and More of Methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A). *Id.*

[4] While the Judgment states that Defendant was sentenced to "Supervised Release," and then states that the terms of release "shall be Unsupervised," (*Doc. 115*, filed in Case No. CR-12-2618, at 4), the transcript of the sentencing hearing explains that the terms of release are to "be unsupervised, so long as [Defendant] remains in Mexico" (*Doc. 130*, filed in Case No. CR-12-2618, at 20).

**Discussion**

As stated above, Defendant contends: (1) that his counsel was ineffective in negotiating his plea agreement and at sentencing for telling Defendant that he would receive from five to six years if he accepted the plea agreement, but Defendant received ten years (*Doc. 1* at 4); and (2) that his counsel was ineffective at sentencing for failing to move for a downward departure of Defendant's sentence (*id.* at 5). The Court finds that Defendant's claims have been waived to the extent Defendant is challenging his counsel's assistance in regard to his sentence or any other aspect of his case other than his counsel's assistance in negotiating or entering into the plea agreement or waiver. *See* [*Doc. 76*, filed in Case No. CR-12-2618, at 10] (Defendant's waiver of his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver). The Tenth Circuit has explained that waivers of collateral attack rights are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Defendant makes no claim that he did not knowingly and voluntarily agree to the plea and waiver. Moreover, the plea agreement states that "[D]efendant agrees and represents that his plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement." [*Doc. 76*, filed in Case No. CR-12-2618, at 11]. In addition, at his plea hearing, the Court asked Defendant if he understood all the terms and conditions in the Plea Agreement, and Defendant stated, "Yes," and the Court asked if anyone made any promises to Defendant to get him to plead guilty, and Defendant stated, "No." [*Doc. 129*, filed in Case No. CR-12-2618, at 13 and 17] (Transcript of Plea Hearing). The Court, therefore, finds that Defendant knowingly and voluntarily entered into the waiver to collaterally attack his convictions

and sentence except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver.  In addition, the Court finds that the other exceptions to the waiver rule are not at issue here.  *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

To the extent Defendant is challenging his counsel's assistance in negotiating or entering into the plea agreement or waiver, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial.  *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). While Defendant contends that his counsel told him that he would receive a sentence of five to six years if he agreed to plead guilty under the plea agreement (*see Doc. 1* at 4), Defendant fails to provide support for this statement.  First, the Court notes that the plea agreement states that "[D]efendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement," and that "[t]here have been no representations or promises from anyone as to what sentence the Court will impose."  [*Doc. 76*, filed in Case No. CR-12-2618, at 11].  Second, at the plea hearing, the Court stated that "[t]he plea agreement is intended to include every promise that has been made to [Defendant] to get [Defendant] to plead guilty," and then asked Defendant if anyone made any promises to Defendant to get him to plead guilty that are not written down in his plea agreement, and Defendant stated, "No." [*Doc. 129*, filed in Case No. CR-12-2618, at 17].  "Solemn

declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (citations omitted). The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975). The Court, therefore, finds that Defendant's contentions with regard to his counsel's ineffective assistance in entering into or negotiating the plea agreement are insufficient to support a § 2255 claim because they are without a supporting factual basis. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). For these reasons, the Court finds that Defendant's ineffective assistance of counsel claims, if not barred by the waiver in his plea agreement, are without merit and should be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-15-0272 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**